## FAIRBANKS AFL–CIO CRAFTS COUNCIL, Appellant,

v.

## CITY OF FAIRBANKS, Appellee.

### No. 4836.

Supreme Court of Alaska.

Sept. 12, 1980.

---

\* This case was submitted to the court for decision prior to Justice Boochever's resignation.

· · ·

James M. Hackett, Fairbanks, for appellant.

Herbert P. Kuss, Deputy City Atty., Charles M. Gibson, City Atty., Fairbanks, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

PER CURIAM.

The primary question on this appeal is whether the meaning of the termination clause in a collective bargaining agreement should have been submitted to arbitration. The clause provided:

1.1 This Agreement shall become effective as of April 1, 1977, and shall remain in effect until July 1, 1979. It shall remain in effect from April 1, 1977 to July 1, 1979 unless changed, amended or terminated as provided in Section 1.2. Increased benefits shall be paid retroactively to April 1, 1977 or to date of employment, if subsequent to April 1, 1977, to those persons currently employed under the terms of this agreement on the effective date of this agreement by Ordinance of the City of Fairbanks and date of ratification by the membership of the AFL–CIO Crafts Council.

1.2 (a) Either party desiring a change or modification in this Agreement shall notify the other party in writing at least sixty (60) days prior to the anniversary date of this contract. The proposed changes which will constitute the subject of negotiations for amendment shall accompany each such notice of intention to enter into negotiations for amendments. Upon receipt of such notice, negotiations shall begin within fifteen (15) days. Unless otherwise agreed, no modification or change shall become effective until the anniversary date of the contract.

(b) Either party desiring termination of this Agreement shall notify the other

party in writing at least sixty (60) days prior to the anniversary date of the Agreement.

1.3 In the event all parties fail to conclude their negotiation by the anniversary date of any year subsequent to 1979, changed benefits later agreed upon shall be made retroactive to the anniversary date unless otherwise agreed.

Another clause of the contract required arbitration of any agreements "with respect to wages, hours, or other condition of employment, or with respect to the interpretation or application of any of the terms of this Agreement." Appellee contends that the Agreement terminated automatically on July 1, 1979. Appellant argues that it is a reasonable interpretation of the contract to require sixty (60) days notice for termination even on the July 1, 1979 date mentioned in section 1.1. The superior court agreed with appellee and dismissed the complaint.

Where contract terms pertain to the issue of arbitrability they are subject to arbitration only when they can fairly be regarded as ambiguous. *University of Alaska v. Modern Construction, Inc.*, 522 P.2d 1132, 1138 (Alaska 1974); *Portland Association of Teachers v. School District No. 1*, 27 Or.App. 247, 555 P.2d 943, 945 (1976). Since we do not regard the termination clause in this case as ambiguous, we conclude that the superior court properly refused to submit the question of its meaning to arbitration. The sixty day notice clause contained in section 1.2(b) obviously pertains to early termination of the contract, not to termination under section 1.1. This conclusion is supported by the fact that prior contracts between the parties contained continuing duration clauses not included in this contract. For example, one such contract provided:

This Agreement shall become effective as of January 1, 1975, and shall remain in effect until April 1, 1977. *It shall remain in effect from April 1st to April 1st of successive years unless changed, amended or terminated as provided in section 1.2.* [Emphasis added]

The deletion of this emphasized language clearly indicates that renewal by inaction was not intended under the present contract.

Nor do we think that any ambiguity was created by the language of section 1.3. That clause is merely designed to establish the effective date of desired modifications for which negotiations have begun but not concluded prior to the anniversary date of the Agreement and presupposes a renewed Agreement.

Appellant sought not only to arbitrate whether the collective bargaining agreement had terminated, but also to arbitrate various grievances which arose before the termination of the contract. These grievances, pertaining to such matters as wage rates and retirement benefits, would not necessarily be mooted by termination of the contract, and arbitration concerning them should have taken place. The trial court's order dismissing the appellant's complaint was therefore erroneous in that respect.

The order of the superior court is affirmed with respect to dismissal of appellant's claim relating to the arbitrability of the termination clause and reversed with respect to grievances arising before termination of the contract. The case is remanded for proceedings consistent with this opinion.

BOOCHEVER, J., not participating.